UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID M. MOBLEY, SR.,

       Petitioner,

vs.                                   Case No. 2:05-cv-498-FtM-29DNF
                                          Case No. 2:01-cr-48-FtM-29DNF

UNITED STATES OF AMERICA,

       Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Petitioner's Motion to Correct or Reduce Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #1) and supporting Memorandum of Law (Doc. #2), both filed by counsel on October 12, 2005.  The United States filed a Response (Doc. #8) on December 16, 2005, and petitioner filed a Reply (Doc. #9) on December 27, 2005.

**I.**

     The government first argues that the § 2255 petition is untimely because it was filed more than one year after petitioner's conviction in this tax case became final.  Petitioner was indicted in two separate cases, a fraud case (Case No. 2:00-cr-71-FTM-29DNF) and a tax case (Case No. 2:01-cr-48-FTM-29DNF).  Petitioner was sentenced in both cases on the same day; separate judgments were entered in each case, and petitioner through counsel filed separate

Notices of Appeal in each case. The government thereafter filed Rule 35 motions while the direct appeals were pending, and the district court conducted a hearing on March 30, 2004. After the district court filed a Certification stating it would grant the Rule 35 motions, the Eleventh Circuit remanded both cases to the district court "in full" and directed that the appeals be closed. The district court thereafter granted the Rule 35 motions, and reduced petitioner's sentence in the fraud case but not the tax case. Petitioner through counsel thereafter filed a Notice of Appeal only in the fraud case.

Petitioner had ten days after entry of the May 7, 2004 Order granting the Rule 35 motion in which to file his notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i). See also Ramirez v. United States, No. 05-10010, 146 Fed. Appx. 325 (11th Cir.), cert. denied, 126 S. Ct. 674 (2005); Mederos v. United States, 218 F.3d 1252 (11th Cir. 2000). Petitioner's conviction in the tax case therefore became final no later than May 21, 2004. Fed. R. App. P. 26(a). Therefore, petitioner had to file his § 2255 motion by May 21, 2005. The § 2255 motion was filed on October 12, 2005, which was almost five months late. Accordingly, the § 2255 motion is untimely.

Petitioner argues that the § 2255 motion in the tax case was timely because "[c]learly, the notice of appeal [in the fraud case] encompassed both cases." (Doc. #9, p. 2). There is no indication, however, that the Eleventh Circuit, the District Court, or

petitioner's attorney ever treated the two cases as being encompassed by a single notice of appeal, or that the law would have permitted such treatment. Accordingly, petitioner's argument fails and the § 2255 motion must be dismissed as untimely.

**II.**

Alternatively, even if the § 2255 motion was timely, it is due to be dismissed for the following reasons.

**A.**

The threshold inquiry is whether the claimed errors are cognizable in a § 2255 proceeding. Lynn v. United States, 365 F.3d 1225, 1233 (11th Cir.), cert. denied, 125 S. Ct. 167 (2004). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988))(internal quotation and citation omitted).

Issue I regarding ineffective assistance of appellate counsel due to failure to file an appeal brief relates only to the fraud case, since there was never a notice of appeal filed in the tax case. Therefore, this issue is not cognizable in this tax case.

Issue II regarding ineffective assistance of counsel for failing to object to the restitution order also relates only to the fraud case, since no order of restitution was included in the tax

case judgment. Additionally, a restitution order is not cognizable under § 2255. Blaik v. United States, 161 F.3d 1341, 1342 (11th Cir. 1998). Therefore, this issue is not cognizable in this tax case.

Issue III alleges that the government breached the Plea Agreement in connection with its Rule 35 motion. The government filed a Rule 35 motion, and made a proffer of facts at the hearing on the motion. Because petitioner's cooperation had been with the state authorities, the government had two assistant state attorneys present at the hearing (Doc. #113, p. 4). Defense counsel stated that with one exception he didn't "have very much quarrel" with the government's summary of petitioner's cooperation (Id. at 7), and made a more detailed summary of that cooperation (Id. at 7-15). Petitioner asserts that the Plea Agreement compelled the government not to argue against a low-end sentencing, but this was breached when the government argued and submitted motions against a low-end sentence at both the original sentencing and at the Rule 35 hearing. Petitioner argues that he "is entitled to an open-ended Rule 35 hearing, where there is no pre-determined sentence." (Doc. #2, p. 21; see also p. 25). This is not a constitutional issue, it could have been raised on direct appeal, and would not result in a complete miscarriage of justice if condoned.

Issue III also refers to claims that Rule 32 procedures were violated. (Doc. #2, p. 22). Such claims are not cognizable in a § 2255 proceeding. Hill v. United States, 368 U.S. 424, 425-29

(1962); United States v. Velez-Rendon, 845 F.2d 304 (11th Cir. 1988).

Issue IV relates to claims under Booker. These claims are also not cognizable in a § 2255 proceeding. Nguyen v. Wiley, 151 Fed.Appx. 757, 758 n.1 (11th Cir. 2005).

**B.**

All issues are also procedurally defaulted. It is well settled that a motion under § 2255 is an extraordinary remedy and will not be allowed to substitute for a direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). This is because "[o]nce a defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." United States v. Frady, 456 U.S. 152, 164 (1982). Generally a defendant must assert an available issue on direct appeal or be procedurally barred from raising the issue in a § 2255 proceeding. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994), cert. denied, 514 U.S. 1112 (1995); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989), cert. denied, 494 U.S. 1018 (1990). An issue is "available" on direct appeal when its merits can be reviewed without further factual development. Mills, 36 F.3d at 1055.

Where an issue which could have been raised on appeal is not pursued, it will not be considered in a § 2255 proceeding absent a showing of cause and actual prejudice from the errors of which he

complains, or actual innocence. Bousley, 523 U.S. at 622; Frady, 456 U.S. at 167-68; Mills, 36 F.3d at 1055. Cause for a procedural default may be established if petitioner can show that "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule," or that his attorney's performance failed to meet the Strickland[1] standard for effective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997). To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. This means factual innocence, not mere legal insufficiency. Bousley, 523 U.S. at 623-24.[2]

Additionally, issues to which petitioner could have objected in the trial court, but did not, will be procedurally barred from review on § 2255 motion unless he satisfies the cause and prejudice or actual innocence standard. Frady, 456 U.S. at 167-69; Harris v. United States, 149 F.3d 1304 (11th Cir. 1998); Greene, 880 F.2d at 1305; Martorana v. United States, 873 F.2d 283, 285 (11th Cir. 1989); Parks v. United States, 832 F.2d 1244, 1245 (11th Cir. 1987). Thus a "double procedural default" occurs when a defendant neither objected in the trial court nor raised the issue on appeal.

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

[2] Petitioner does not assert actual innocence.

Reece v. United States, 119 F.3d at 1467 n. 9.  To obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both cause excusing his double procedural default and actual prejudice resulting from the errors, or actual innocence.  Frady, 456 U.S. at 167-68; Reece, 119 F.3d at 1467; Harris, 149 F.3d at 1307-08.

Here, all issues are double procedurally defaulted.  None of the issues were raised in the District Court or on direct appeal.  Petitioner has not shown cause and prejudice, and has not shown ineffective assistance of counsel.

## C.

The issues petitioner asserts in the § 2255 motion have also been waived.  Petitioner's Plea Agreement contains a valid waiver of appeal provision which includes a waiver of collateral challenges.  It is well established that sentence appeal waivers are valid if made knowingly and voluntarily.  Williams v. United States, 396 F.3d 1340, 1341 (11th Cir.), cert. denied, 126 S. Ct. 246 (2005)(citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)).  Here, petitioner's Plea Agreement contained the following provision:

> The defendant understands and acknowledges that the defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines.  Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole.  Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to

-7-

>the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Cr. Doc. #5, pp. 15-16, ¶ 5). The Magistrate Judge who took the guilty plea highlighted this waiver provision as part of petitioner's plea colloquy, specifically questioned Mobley concerning the specifics of the sentence appeal waiver, and determined that he knew about the waiver provision and had entered into the waiver agreement knowingly and voluntarily. (Doc. #11, original filed in Case No. 2:00-cr-71-FTM-29DNF as Doc. #42, pp. 16-17, 32-34). The Court finds that the appeal waiver was clearly knowing and voluntary under Bushert, 997 F.2d at 1350, and its progeny. Therefore, the appeal waiver is proper and effective. United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir.), cert. denied, 125 S. Ct. 2279 (2005).

Additionally, the waiver provision is broad enough to include the Apprendi[3]/Booker[4]/Blakely[5] issue petitioner raises. United States v. Frye, 402 F.3d 1123, 1129 (11th Cir.), cert. denied, 125 S. Ct. 2986 (2005); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir.), cert. denied, 126 S. Ct. 416 (2005). Therefore, Booker, Blakely, and Apprendi issues were waived by petitioner in this case as well. Further, the Eleventh Circuit has held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to the plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams, 396 F.3d at 1342.

**D.**

Additionally, the Booker issues do not apply retroactively in a § 2255 petition. The Eleventh Circuit has held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).

---

[3] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[4] United States v. Booker, 543 U.S. 220 (2005).

[5] Blakley v. Washington, 542 U.S. 296 (2004).

Accordingly, it is now

**ORDERED**:

1. Petitioner's Motion to Correct or Reduce Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #1) is **DISMISSED**.

2. The Clerk shall enter judgment accordingly in Case No. 2:05-cv-498-FTM-29DNF and close the civil file.

3. The Clerk shall file a copy of this Opinion and Order and a certified copy of the Judgment in the criminal file, Case No. 2:01-cr-48-FtM-29DNF.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of January, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Attorney (Hunt)
Charles A. Murray, Esq.